UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH GIAIMO,

                    Plaintiff,

          v.                                    11-CV-397(LJV)(LGF)

SHC SERVICES, INC., also known as
SUPPLEMENTAL HEALTH CARE
SERVICES LIMITED, also known as
SUPPLEMENTAL HEALTH CARE
SERVICES, INC., also known as
SUPPLEMENTAL HEALTH CARE
STAFFING SPECIALISTS,

                    Defendant.

## MEMORANDUM AND ORDER

The plaintiff commenced this action on May 10, 2011, alleging that his former employer wrongfully withheld from him certain compensation. Docket Item 1. He asserted three claims, which are premised on (1) unjust enrichment, (2) New York Labor Law Article 6, and (3) breach of contract.

On July 5, 2011, Hon. Richard J. Arcara[1] referred this matter to United States Magistrate Judge Leslie G. Foschio. Docket Item 8. On January 17, 2014, the defendant moved for summary judgment. Docket Item 37. And on May 8, 2015, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that the motion be granted in part and denied in part. Docket Item 50. Pending before this Court are the parties' objections to the R&R.

---

[1] This case was reassigned from Judge Arcara to the undersigned on March 9, 2016. Docket Item 61.

## **STANDARD OF REVIEW**

This Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review, under either a de novo or lesser standard, the portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

## **DISCUSSION**

The defendant objected to Judge Foschio's recommendation that summary judgment in its favor be denied on the plaintiff's first claim (unjust enrichment). Docket Item 52. The plaintiff objected to Judge Foschio's recommendation that summary judgment be granted in favor of the defendant on the second claim (New York Labor Law). Docket Item 51. Neither side objected to Judge Foschio's recommendations that summary judgment be granted to the defendant on the third claim (breach of contract) or on the plaintiff's request for vacation pay.

After conducting a de novo review with respect to those portions of the R&R to which objections were raised, and after carefully reviewing all Judge Foschio's conclusions and recommendations, this Court adopts the R&R, entered May 8, 2015, in its entirety.

The defendant is in the business of placing nurses for employment in hospitals, and it employs recruiters who earn money in connection with those placements. The

plaintiff's claims are premised on payments that he describes as "commissions" and that he alleges were wrongfully withheld.

But the evidence suggests that the plaintiff was not an ordinary recruiter and that he did not receive ordinary "commissions." As the defendant put it, the plaintiff "had a different bonus arrangement because his function was different than the recruiters in that he did not manage and recruit the nurses directly." Docket Item 37-2 at ¶ 11. Instead, as the Vice President of Recruitment,[2]

> [Giaimo] could earn an incentive based on SHC's profit earned for all nurses placed by the recruiters who worked under him. His bonus was based on SHC's profit. Giaimo earned his base salary plus 3.3% profit from all of the recruiters' placements. The 3.3% profit was earned in two parts. Giaimo would earn one-half of the incentive payment when a nurse initiated her contract. He would then earn the second half of the payment when a nurse's contract with a health care facility ended. If a nurse did not begin her contract, Giaimo would not be paid the first half of his "commission." Likewise, if a nurse did not complete her contract such that SHC did not earn a profit on it, Giaimo would not be paid the second half of his "commission."

*Id.* (internal record citations omitted). Although the parties disagree on a number of issues, the most salient facts concerning that compensation scheme (i.e., that the plaintiff received 3.3% of the profits on all nurse placements and that what he earned was paid in two parts) are not in dispute. *Compare id. with* Docket Item 42 at ¶¶ 36, 38.

This Court has considered the defendant's arguments as to why the plaintiff cannot recover certain of those payments under an unjust enrichment theory. Although unjust enrichment claims are disfavored in the employment context under New York

---

[2] Docket Item 42 at ¶ 24; *see* Docket Item 37-2 at ¶ 8.

law, this Court nevertheless agrees with Judge Foschio's conclusion that "there are issues of fact precluding summary judgment on Plaintiff's unjust enrichment claim."[3]

The defendant argued that in New York an "at-will sales representative is entitled to post-discharge commissions 'only if the parties' agreement expressly provided for such compensation.'"  Docket item 37-6 at 8 (quoting *Swits v. N.Y. Sys. Exch. Inc.*, 281 A.D.2d 833, 835, 722 N.Y.S.2d 300, 302 (3d Dep't 2001); *see also* Docket Item 59 at 2. But based on the defendant's own evidence, there is at least a dispute of material fact as to whether withholding those payments from the plaintiff—whether they were commissions or not—would unjustly enrich the defendant.  And the fact that the plaintiff himself may have described the payments he is seeking as "commissions" makes no difference.  As the defendant argued in connection with the plaintiff's Labor Law claim:

> While the parties have used the terms "commissions" and "bonus" to describe the incentive, their nomenclature is not determinative. . . .
>
> To put his claim within the definition of a "commission," and to avoid the conclusion that the incentive [is not recoverable under the Labor Law], Giaimo will argue that he "participated" in closing contracts with nurses, and therefore, is seeking an incentive based on his productivity.  This argument ignores his role in the big picture.

Docket Item 37-6 at 10-11.  In the same way, the defendant's argument on commissions in the unjust enrichment context ignores that big picture.

The defendant's argument that the plaintiff cannot recover because he received a $61,600 annual salary likewise ignores the big picture.  It is undisputed that the vast

---

[3] Docket Item 50 at 25.

4

majority[4] of the plaintiff's compensation as Vice President of Recruitment came from the "override" or "percentage" that he received "based on the overall performance or profitability of the division." Docket Item 37-2 at ¶ 8. Moreover, the evidence suggests that the defendant did not have discretion to withhold those payments. *See, e.g.*, Docket Item 43-3 at 127, 141. In this case, denying the plaintiff the bulk of his compensation solely because he received a base salary would work the very sort of injustice that unjust enrichment claims are designed to avoid. *See IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 907 N.E.2d 268, 274 (2009) (describing basis for unjust enrichment claim as "an obligation imposed by equity to prevent injustice"); *cf. Levion v. Societe Generale*, 822 F. Supp. 2d 390, 405 (S.D.N.Y. 2011) ("Because Plaintiff has failed to present evidence—or even allege—that his salary did not constitute reasonable value for the services he provided to [his employer], his claim under unjust enrichment theory also fails."), *aff'd* 503 F. App'x 62 (2d Cir. 2012); *Hughes v. Standard Chartered Bank, PLC*, 2010 WL 1644949, at *8 (S.D.N.Y. Apr. 14, 2010) (same).

There also is no merit to the defendant's argument that if the payments were "non-discretionary," there must have been "an agreement, albeit oral," and that the unjust enrichment claim must be dismissed as precluded by the agreement. Docket Item 52 at 6 (citing *Apple v. Atl. Yards Dev. Co., LLC*, No. 11-CV-5550 (JG), 2014 U.S. Dist. LEXIS 152053, at *30 (E.D.N.Y. Oct. 27, 2014) ("Proof of an enforceable contract, either oral or written, precludes recovery under the theory of unjust enrichment.")). In

---

[4] "[I]n the less than nine months of his final year of employment (from January through September), Giaimo earned $207,869.95." Docket Item 37-6 at 21; *see also* Docket Item 37-4 at 16-17.

5

this case, where the plaintiff asserted a claim for "unjust enrichment" and a claim for breach of a "written" contract (the recommended dismissal of which neither side has objected to), equity need not yield to such formalism. If "there is a bona fide dispute as to the existence of a contract *or the application of a contract in the dispute in issue*, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies." *Goldman v. Simon Prop. Grp., Inc.*, 58 A.D.3d 208, 220, 869 N.Y.S.2d 125, 135 (2d Dep't 2008) (emphasis added) (holding that "plaintiff may properly plead unjust enrichment and money had and received as alternative claims to the breach of contract claim"). And if the "commissions" (or "overrides," or "bonuses," or whatever other terms might be used) at issue were "non-discretionary," that only supports the plaintiff's entitlement to relief, one way or another. *See Zentz v. Int'l Foreign Exch. Concepts, L.P.*, 33 Misc. 3d 1212(A), 939 N.Y.S.2d 745 (Sup. Ct. Kings Co. 2011) (plaintiff seeking "nondiscretionary" commission adequately alleged claim for breach of oral contract or, in the alternative, "both quantum meruit and unjust enrichment claims"), *aff'd,* 106 A.D.3d 904, 965 N.Y.S.2d 180 (2d Dep't 2013); *cf. Karmilowicz v. Hartford Fin. Servs. Grp., Inc.*, 494 F. App'x 153 (2d Cir. 2012) (Summary Order) (dismissing claims based on discretionary bonus); *Levion*, 822 F. Supp. 2d 390 (same); *Hughes*, 2010 WL 1644949 (same).

With respect to the plaintiff's objections and whether his Labor Law claim is barred by res judicata or claim preclusion, this Court again agrees with Judge Foschio's conclusion. The plaintiff previously litigated his Labor Law claim in an administrative proceeding, which settled for $10,000. The plaintiff argues now that the administrative proceeding addressed only certain "commissions" (i.e., the payments of the 3.3% profit

6

on all nurse placements) payable during one week prior to his termination, not "post-termination commissions that may have been 'earned' while he was still employed" but that were not payable, in part, until later. Docket Item 51 at 7 (emphasis removed).

There are significant questions as to whether the plaintiff ever was entitled to relief under New York Labor Law Article 6. Although the plaintiff describes his compensation as "commissions" (which ordinarily fall under the definition of "wages" in N.Y. Labor Law § 190(1)), the evidence suggests that those "commissions" may have been "in the nature of a profit-sharing arrangement" because they were "both contingent and dependent, *at least in part,* on the financial success of the business enterprise." *Truelove v. Ne. Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-24, 738 N.E.2d 770, 771-72 (2000) (emphasis added). Such "incentive compensation" is not recoverable in a Labor Law claim. *Id.* Moreover, the extent to which the plaintiff was an "executive"—which may have made certain relief unavailable under the Labor Law—is an issue that a New York Department of Labor attorney raised with the plaintiff prior to the settlement. *See* Docket Item 37-5 at 35-36.

Based on the evidence in the record, the plaintiff did attempt to limit the scope of his administrative proceeding, perhaps due to the vulnerabilities of his Labor Law claim. But the plaintiff's motivation and the other issues raised above are not questions that this Court needs to answer. Whether the plaintiff was entitled to recover any "commission" payments under the Labor Law was an issue that he could have raised in the administrative proceeding. The doctrine of res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 4 N.Y.3d 260, 269, 827 N.E.2d 269, 274 (2005). And there is no competent

evidence that the plaintiff did not have a full and fair opportunity to litigate that claim.[5] Nor is there any competent evidence that the defendant acquiesced in splitting the plaintiff's Labor Law claim in a way that might have preserved the issue that the plaintiff seeks to raise now.  *See generally Charles E. S. McLeod, Inc. v. R. B. Hamilton Moving & Storage*, 89 A.D.2d 863, 864, 453 N.Y.S.2d 251, 252-53 (2d Dep't 1982) ("The rule prohibiting claim splitting prohibits two actions on the same claim or parts thereof" but "does not apply where . . . the parties have agreed to split the claim by settling only part of the dispute between them."); *see also Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 102, 843 N.E.2d 723, 727 (2005) (plaintiff not precluded from litigating claims "withdrawn by stipulation for the salutary purpose of expediting the matrimonial action").

Accordingly, and for substantially the same reasons provided in Judge Foschio's R&R, the defendant's summary judgment motion (Docket Item 37) is GRANTED IN PART and DENIED IN PART.  As set forth in the R&R (Docket Item 50), summary judgment in favor of the defendant is granted on the plaintiff's second claim (New York Labor Law), granted on the plaintiff's third claim (breach of contract), granted on the plaintiff's request for vacation pay, and otherwise denied.

IT IS SO ORDERED.

Dated:  March 28, 2017
        Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[5] Judge Foschio properly rejected the plaintiff's attempt to rely on hearsay regarding the scope of the Department of Labor proceeding.  In any event, the hearsay (*see* Docket Item 51 at 14) seems to be yet more recognition of the fact that a high-level employee seeking compensation based on the overall profits of his division does not fit neatly—or perhaps at all—under the protection of the New York Labor Law.